[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action in two counts claiming breach of a written Consultation Agreement and seeking the following: $25,000.00 for providing consultation service or holding himself available to provide same for the period January 1, 1988 through May 31, 1988; $2,005.00 as reimbursement for money spent maintaining and repairing a P.C. owned by defendant but used by him; interest on such amounts; $1,700.00 in attorney fees, and costs of suit.
Defendant denies the material allegations of plaintiff's claim and as a special defense alleges that the Consultation Agreement terminated on December 31, 1987.
From the credible evidence adduced at hearing, the following facts are found. The plaintiff entered into a written Consultation Agreement dated September 18, 1987 with the defendant. (Plaintiff's Exhibit A. ) Daniel J. McCauley, the defendant's executive vice president and general counsel at the time negotiated, drafted and executed the agreement on defendant's behalf. By its terms, the agreement became effective on September 18, and was to continue until terminated by either party providing the other with "no less than ten (10) days prior written notice." It also provided that in no event could it be terminated prior to December 31, 1987.
Plaintiff, in return for a monthly fee of $5,000.00, was to "provide services for approximately two (2) days a week" which could be increased or decreased at defendant's option.
Through the month of December, 1987, plaintiff provided defendant with the bargained for services, and invoiced monthly for the agreed fee and out-of-pocket expenses incurred in furtherance of defendant's business.
During the latter part of that month, plaintiff and CT Page 3665 defendant's representative, McCauley, discussed the Consultation Agreement and on January 15, 1988, they again discussed it at a meeting held at defendant's headquarters in Wilton, Connecticut. The particulars of those discussions are in dispute.
In a letter to plaintiff dated February 23, 1988, McCauley, on behalf of defendant, stated: "As we discussed, since your relationship with Emery will continue on an as needed basis, I would appreciate your thoughts with respect to the financial arrangements covering that relationship. "
In response, plaintiff submitted a marked up copy of a proposed contract to cover 1988 arrangements with defendant, and referred to same in his letter of February 29, 1988 to McCauley. Thereafter, plaintiff made several telephone calls to McCauley's office at Wilton but never received any response from him regarding the proposals.
It is an undisputed fact that the parties never entered into a new consultation contract.
Although plaintiff attended a one day business meeting for defendant during the month of February, 1988, thereafter, he provided no services for defendant and incurred no expenses in furtherance of its business. He claims, however, to have continued to familiarize himself and remain conversant with materials pertaining to defendant's business at all times, until May 31, 1988. During this period, plaintiff was on defendant's mailing list and continued to receive items pertaining to defendant's business.
On May 21, 1988, together with a letter to defendant giving notice of his intent to terminate the September 18, 1987 Consultation Agreement on May 31, plaintiff submitted invoices for his monthly consultation fee of $5,000.00 for January and February. Thereafter, in July, 1988, he submitted similar invoices for the months of March, April and May.
Plaintiff claims entitlement to $5,000.00 per month for the months of January through May, 1988, for a total of $25,000.00, pursuant to the Consultation Agreement.
Plaintiff argues that he is entitled to the claimed consultation fee because the defendant never gave or attempted to give him written notice of its intention to terminate the Consultation Agreement as required by Article 9 thereof. In furtherance of his claim, plaintiff indicates that he never executed any change, modification, amendment, CT Page 3666 waiver or release of that requirement. Defendant contends that plaintiff was orally advised of the termination of the agreement in December of 1987 and January of 1988, and that this was confirmed in McCauley's February 23, 1988 letter to him.
It is clear from McCauley's testimony, the court dismisses plaintiff's testimony in this area as not being credible, that between Christmas 1987 and the new year he orally informed plaintiff that defendant no longer wished to continue their arrangement under the Consultation Agreement. Thereafter, at a meeting held on January 15, 1988, McCauley confirmed the December conversation and told the plaintiff that in the future the defendant would utilitize his consulting services on an as needed basis and pay him an hourly rate therefor. Consequently, the plaintiff was fully aware by mid-January, if not earlier, of the defendant's intention to cease using his services under the terms of the September agreement. Further, the court finds that McCauley's letter to plaintiff dated February 23, 1988, constituted written notice by defendant of its intent to terminate the Consultation Agreement. Under paragraph 9 thereof, either party could terminate the agreement, for any reason, by giving the other party no less than ten (10) days prior written notice.
McCauley's letter of February 23, unequivocally indicates that defendant considered plaintiff's business relationship with it under the agreement at an end, and that plaintiff would continue to provide services only on an as needed basis. Obviously, defendant no longer wanted to pay plaintiff $5,000.00 per month because it was not utilizing his expertise.
Additionally, the court finds that as a result of the February 23 letter, the Consultation Agreement terminated ten (10) days from that date, on March 5, 1988. Consequently, the plaintiff is entitled to a consultation fee of $10,833.34, representing the sum of $5,000.00 for the month of January, the sum of $5,000.00 for February and $833.34 for the five days in March, 1988. The fee is prorated for the several days in March, in accordance with Terms of Consulting Compensation set out in attachment A to the Consultation Agreement.
It is interesting to note that plaintiff, while claiming entitlement to consultation fees for the five month period, January through May, 1988, only invoiced for January and February with his May letter purporting to terminate the Consultation Agreement. At that time, he could have just as CT Page 3667 easily submitted invoices for March, April and May if he believed he was entitled to be paid for same.
Plaintiff also claims the sum of $2,005.00 as reimbursement for the cost of improving and repairing a personal computer provided for his use by defendant.
On September 9, 1987, while still a regular employee of defendant and prior to entering into the Consultation Agreement, plaintiff spent $780.00 to upgrade the computer. Additionally, on October 14, 1987, he spent $1,225.00 to repair it. However, all of this was done without defendant's authorization and without proven benefit to it.
The court finds that the plaintiff did not seek and was not granted authorization by the defendant to repair or improve the computer. Further, plaintiff did not follow established procedures for requesting reimbursements. Normally, plaintiff submitted his request for reimbursement of out-of-pocket business expenses in the month following the expenditure. With regard to the computer, however, he never sought reimbursement for its repair or improvement while an employee of the defendant or at the time he returned it in January, 1988. He did not make such request until March, 1988 when he requested payment through McCauley. Without authorization, plaintiff's expenditure was gratuitous and he is not entitled to reimbursement.
Pursuant to paragraph 14 of the Consultation Agreement plaintiff, as the prevailing party, is entitled to all costs and expenses incurred in this action, which includes a reasonable attorney's fee.
As a result of the foregoing, the court finds that the plaintiff is entitled to recover of the defendant the sum of $5,000.00 for the month of January, 1988; $5,000.00 for the month of February, 1988; $833.34 for the first five days in March, 1988, together with a reasonable attorney's fee in the amount of $1,500.00 and costs of suit.
Judgment may enter for the plaintiff accordingly.
WEST, J.